AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Of MASSACHUSETTS | | |
|---|---|---|---|
| Name of Movant: Buenaventura Lovos | Prisoner No. 24035-038 | | Case No. 1:01CR10369005 |
| Place of Confinement: F.C.I. Ashland, Ashland, Ky   P.O. Box 6001 - 41105 | | | |

UNITED STATES OF AMERICA   V.   Buenaventura Lovos
(name under which convicted)

MAGISTRATE JUDGE Dein

04-12596 PBS

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack
   United States District Court of Massachusetts

2. Date of judgment of conviction  2/3/03

3. Length of sentence  60 Months

4. Nature of offense involved (all counts)
   21 U.S.C. §846, Conspiracy to Dist. Heroin, To Possess w/int. to Distribute; 21 U.S.C. §841(A)(1) Distribution of Heroin w/int. to Distribute; 18 U.S.C. 2 Aiding and Abeiting

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☐

(5) Result            N/A

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐    No ☐
(2) Second petition, etc.       Yes ☐    No ☐        N/A

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

D. Ground four: The omissions in defendant bill of information was defective.

Supporting FACTS (state *briefly* without citing cases or law):

See attached Memorandum

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Defect in the Indictment

Blakely violation

Ineffective assistance of counsel

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing     Federal Defender
                                408 Atlantic Avenue, 3rd Floor
                                Boston, Massachusetts, 02110

(b) At arraignment and plea    Same

(c) At trial    Same

(d) At sentencing    Same

AO 243    (Rev. 2/95)

   (e) On appeal

   (f) In any post-conviction proceeding

   (g) On appeal from any adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
   Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes ☐    No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐   No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_X 12-3-04_____
    Date

X _Bratton_____
Signature of Movant

UNITED STATES DISTRICT COURT
OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
V. ) Case No. 1:01CR10369005
)
BUENAVENTURA LOVOS, )
Defendant. )

MEMORANDUM OF LAW IN SUPPORT OF 28 U.S.C. §2255

Buenaventura Lovos, defendant, was charged by indictment with acting in complicity with others, and charged with one count of conspiracy to distribute and possess herion with intent to distribute, and one count of possession of herion with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and 846

STATEMENT OF THE FACTS

The question presented is whether, in light of the United States Supreme Court's decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and this Circuit decision in **United States v Tran**, 234 F.3d 798 (2nd Cir. 2000), the district court judge was empowered to impose on defendant a sentencing beyond the otherwise applicable statutory maximum based on its findings under the preponderance of the evidence standard. Concerning the quantity , and quantity was not presented to the jury. The only quantity found, according to the government prosecutor and the police or agent was and I quote:

"When the police entered the apartment, Lovos did not hear the officers enter the apartment was the government argument. The defendant was in the process of bagging herion with a co-defendant, Edwin Pachieo. Specifically, Lovos was found seated on the only bed in the room, in front of a small table with a plate on top of it that contained over 100 grams (over $200,000) worth of herion.

Now if the government had all of this so-called evidence, why was it not within the indictment ?, big question. There is no merit to support the government claim to support the conviction, only a suggestion, and most of all there was "no" special verdict form submitted to the jury, so the jury made no findings on the quantity of drugs.

Defendant also challenges his underlying conviction, arguing that the entire process by which he was charged and convicted and sentenced is permeated through and through with constitutional error.

The charge of conspiracy to distribute and possess with intent to distribute an unspecified amount of drug, "herion" that is. The crime charged in the indictment was erroneous or based on any error in the proceedings.

**Apprendi** held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490

Following Apprendi teaching, that if the type and quantity of drugs involved in a charged crime may be used to impose a sentence above the statutory maximum for an undeterminate quantity of drug, then the type and quantity of drugs is one element of the offense that must be charged in the indictment and submitted to the jury under a special verdict form.

In **United States v. Tran**, 234 F.3d 798, 806 (2nd Cir. 2000), that the failure either to charge drug type and quantity in the indictment or to submit the question of drug type and quantity to the jury is subject to plain error review pursuant to Fed.R.Crim. P. 52(b) when the defendant raised no objection before the distrct court. Applying plain error review to the particular facts of this case, it can only be concluded that the district court errored, that the error was plain, that the error affected the fairness and the public reputation of judicial proceedings. The case must be reversed.

2

## The Government Witness Committed Perjury Before Trial And During Trial, in Which Tainted The Jury Verdict of Defendant

From my understanding, the government prosecutor knew that his only witness was lying, and lied to a federal agent in a investigation, and lied under oath during the trial. My understanding under **United States v. McLanghlin**, 89 F.Supp.2d 617 (E.D. Pa 2000) government use of perjury testimony warranted a new trial.

The Supreme Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is only reasonable likelihood that the false testimony could have affected the judgment of the jury. This rule seams to also apply whether the prosecutor knew of perjury, or merely, should have known of the perjury. Due process was violated when prosecutor learned during trial that witness committed perjury, but failed to inform defense counsel. See **Mooney v. Holohan**, 294 U.S. 103 79 L.Ed.2d 791 (1976).

In this case as presented, there is little to believe the government only witness Ms. **Miriam Silva**.

The government call **Ms. Miriam Silva, the owner of the apartment.** She claimed that the only person involved with the drugs in her apartment to police or agents found were **Lovos**, the defendant, and **Pocheco**. This so-called witness lied by claiming that defendant and **Pocheco** brought a **blue bag to the apartment containing herion** and related processing items. The truth is that Markie, (co-defendant Mark Romas) was the one who brought the bag to Silva's apartment initially. This person Markie, co-defendant lived there, according to Silva's trial testimony, plus this so-called witness lied about selling drug which she had.

It is of no consequence that the falsehood bore upon the witness credibility rather than directly upon defendant's guilt. A lie is a lie, no matter what its' subject, and if it is in any way relevant to the case, the district attorney has the responsibility and the duty to correct what he knows to be false and elicit the

3

truth. The district attorney's silence was not the result of guill or desire to prejudice matter little, for its' impact was the same. Preventing as it did, a trial that could in any real sense be termed fair.

In this case had the jury been apprised of the true facts, however it might well have concluded that the witness had fabricated the testimony in order to curry the favor of the very representative of the government who was prosecuting the case to prevent being prosecuted on other matters.

> **District Court committed plain error by improperly placing its authority behind the government and the witness testimony when known to be fabricated and the witness admitted they lied under oath.**

In the closing arguments, the government argument was the jury could find defendant **Lovos**, guilty of both counts of the indictment without relying on any of the government witness testimony, and the honest government prosecutor stated specifically, **that the jury could find defendant guilty of possessing herion with intent to distribute, base on the physical evidence alone.**

First and foremost this is misconduct. From my understanding of the law, the underlying reason for the "vouching" was best explained by the court in **U.S. v. Young**, as follows:

> "Such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor supports the charges against the defendant and thus jeopardize the defendant's right to be tried solely on the base of the evidence presented to the jury and the prosecutor's opinion carries with it the imprimatur of the government and may induce the jury to trust the government's judgment rather than its' own view of the evidence."

4

This improper argument in the government closing, was improper and a "special kind of personal opinion and a example of **prosecutorial overkill**". It directly exploited the influence of the government's witness, moreover, this type of improper vouching is generated only when the prosecutor perceives the case personally, rather than acting in the role of an advocate for the public interest in a fair and impartial determination of guilt or innocence.

In this case, the prosecutor knew full well that his witness was lying, the government witness committed perjury under oath, direct and cross-examination. Was she charged for this perjury? "No"

Under the truth finding function of the Confrontation Clause, it becomes uniquely threatened when a witness provides false statements, and then admit to lying to the federal agent, the police, and under examination in court. If defendant had did this, he would have been charged for a violation of our government laws. Furthermore, the witness did not recant either before it became manifest to her before it became known or exposed she lied. See **United States v. Smith**, 35 F.3d 344.

From my understanding of the law with respect to jury instruction is that, the court should give the instructions regarding the law that a jury must follow in any given trial. It is the duty for the jury to decide whether the United States has proven beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

Also, the jury must make their decision only on the basis of the testimony and other evidence presented during trial, and can not be influenced in any way by either sympathy, prejudice or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions that the judge shall provide.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

### WHAT IS PROOF

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt is what the honorable judge did in his "rationalizing" the conduct of the government witness testimony knowing she lied under oath. By the judge being a judge, and his **"vouching"** for the witness, where she unequivocally, and repeatedly, admitted to have lied to the government during two interview prior to trial. This also would be "constructive amended the witness testimony" which is a error and per-se prejudicial violation.

I'm sure I'm correct, possible doubt or doubt based purely on speculation are not reasonable doubt. A reasonable doubt is real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyound a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved defendant guilty beyond a reasonable doubt, then the jury say so by returning a guilty verdict. If the jury was not convinced, they say so by returning a not guilty verdict. As I have explained, the jury must decide what the facts are from the evidence that they heard in the court room, and they must consider only the evidence, including the sworn testimony of the government witness.

> "The considerations favoring accomplice testimony are far more important and more significant that those weighing against believing accomplice testimony".

6

Now in any given instruction by a judge is this:

"In considering the evidence you must decide whether you believe or do not believe any witness. I suggest that you ask yourself a few questions:

(1) Did the person impress you as one who was telling the truth? No!

(2) Did he or she have any particular reason not to tell the truth? "Yes"

(3) Did he or she have a personal interest in the outcome of the case? "Yes"

(4) Did the witness seem to have a good memory? "Yes" of the lies she committed.

(5) Did the witness have the opportunity and ability to observe accurately the thing he or she testified about?

(6( Did he or she appear to understand the question clearly and answer them directly? "Yes" when she admitted she lied to the officer in their investigation.

The court should ask themselves, were the court was wrong and the evidence tending to prove that the witness truly testified falsely concerning important fact. These are not simple mistakes, these statement of testimony was a lie.

The government knew that a defendant simple knew about a conspiracy, or was present at times or associated with members of that group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him or her a conspirator.

### Statement of the Bedford Police Detective  Mark Stone and Dennis

The **New Bedford police detective, stated** in the trial, that in the course of the executing of the search warrant at **Miriam Silva**, they arrested **Lovos**, defendant within arms reach of **over 200 grams** of herion. This mean that defendant did not **actual possession** of any drugs.

7

Once again, looking at the government version again, it was stated that when the police entered the apartment, **Lovos,** was inside the bedroom with the door shut, in the process of bagging herion, with co-defendant name **Edwin Pachico.** Now the government is stating their was a plate in front of defendant with **100 grams** this time. Again, more lie, now the other 100 grams are found in various locations. It was my understanding from the police report the government statement that defendant was in **"arm reach" of 200 grams.** Which one is right?

I will explain the term "possession". The law recognizes two kinds of possession, "actual possession and constructive possession."

To establish actual possession, the United States must prove that the defendant had direct physical control over the drugs, and knew that he or she had control of it. This was not proven at trial by anyone, other then the witness who committed perjury.

To establish constructive possession, the United States must prove that the defendant had the right to exercise physical control over the drugs and that he knew he had this right, and that he intended to exercise physical control over the drugs at some time, either directly or through other person. Just being present where something is located does not equal possession. Even if the defendant was just present where something is located does no equal possession , this case should be reversed.

### Defendant Conviction Must Be Reversed

The defendant submits that the evidence at trial was insufficient to prove that he was a member of a conspiracy with the object of possessing herion with intent to distribute. Specifically, defendant submits that the evidence was insufficient to prove he was a knowing member of any conspiracy or that he participated in  any acts of the conspiracy, therefore his conviction was insufficient to prove that he was a knowing member of any conspiracy or the he participated in any of the conspiracy, therefore his conviction on the count must be reversed.

8

A conviction may be reversed if the court is convinced that the government failed to prove an essential element of the offense beyond a reasonable doubt. **United States v. Talley**, 164 F.3d 989, 996 (6th Cir. 1999), also see **United States v. Welch**, 97 F.3d 142, 148 (6th Cir. 1996)

Furthermore, the court in the case of **United States v Coppin**, 2001 WL 30505 (6th Cir. 2001). This court found that reversal of the defendant conviction was necessary as the government's trial proof was not evidence of defendant intent or knowledge regarding the conspiracy, rather this evidence showed only **"mere association."** The court stated that to uphold the conviction on speculation and supposition is something the court is not permitted to do. At trial, none of the investigating agents were able to testify that had seen the defendant with drugs. Now "arm reach" does not mean he had any drugs. Nor did any agents or officer state the defendant was seen exchanging money or drugs. The **Coppin** court held strong to the principle that mere association is insufficient to sweep a defendant within the drag net of conspiracy.

In defendant case, he has a unique set of circumstances. Defendant indictment charged him with conspiracy in violation of 21 U.S.C. 841(a)(1), 846, as to count 1.

At trial, the government introduced so-called evidence from a cooperating witness in an attempt to link the defendent to the conspiracy charge contained in the indictment was distinct from the activity that resulted in the defendant arrest.

**Ms. Miriam Silva**, was an admitted drug addict who was testifying pursuant to a agreement. Looking at the testimony from a drug addict and a admitted lier, before the trial, and during the trial, this person could not be trusted.

Based on the decision in **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct 2348, 147 L.Ed.2d 435 (2000), the defendant feel that there are reason for this court to examine his case further in relationship to the quantity and type of drugs involved in the instant offense. Defendant further believes that his indictment

9

is deficient in that it did not give proper notice of the amount of drug that petitioner/defendant should be held accountable for, nor did the jury make that determination as is required by **Apprendi**. **No special verdict form on quantity or type of drugs was given.**

For purpose of this petition, counsel was ineffective in failing to address these question of law adequately. More importantly, based upon the rule of the Supreme Court in **Apprendi**, the matter is ripe for review pursuant to 28 U.S.C. §2255.

A §2255 petition may attack the sentence and conviction and, therefore, render the conviction not final, thus having open to attack any question of law related to same. See **Griffith v. Kentucky**, 479 U.S. 314, 328 (1987) Supreme Court decision is "**applied retroactively**" to all cases..pending on direct review or not yet final. The AEDPA establishes a one year restriction in attacking a conviction and/or sentence on constitutional grounds. This renders the conviction not final until the expiration of that year or a decision on the merits.

Defendant due process rights are violated by the jury verdict not determining the quantity of drug or drugs defendant was responsible for. Any matter that is an element of the offense (quantity of drugs) must be determined by a jury. Quantity of drugs is an element of the offense as defined in 21 U.S.C. 841(b).

All of the aforementioned question of law are in violation of defendant Fifth, Sixth and Eight Amendment right under the United States Constitution and are ripe for this honorable court's review.

Since the decision in **Apprendi v. New Jersey**, many courts have come forth and affirmed that drug amount are element of the offense and must be determined by the jury.

Since 21 U.S.C. 841(b) establishes quantity of drugs and is an element of 841(a), as part of the offense conduct, and is statutory in nature, the jury must decide the quantity and type of drug applicable. Section 841(b) contains numerous drug type and sentencing differences based on type and quantity. see **United States v. Sheppard**, 219 F.3d 766 (8th Cir. 2000) **United States v. Rogers**,

F,3d 2000 U.S. App Lexis 24759 (11th Cir. 2000)  See also **United States v. Morales Rosales**, 838 F.2d 1359, 1361-62 (5th Cir. 1988) That criminal information does not charge the second element of the offense. The failure of an information to charge an offense is a jurisdictional defect that is not waived by a guilty plea. See also **United States v. Eldrington**, 726 F.2d 1029, 1031 (5th Cir. 1984)

### The Omissions in Defendant Bill of Information Was Defective

In the disposition of the government motion to the Court of Appeals and the counsel brief, neither one stated anything about the 18 U.S.C. 2 which is aiding and abeiting.

Count 2 of the indictment, defendant was not named, but found guilty by the jury. No language of **Sec 2** portion of the count is used in the indictment **18 U.S.C. 2,** contains the language which contains four of the essential elements of this statute. The appending in parentheses of a statutory citation to an otherwise complete information or indictment, without more, itself charges no actionable crime. **Breese v. United States**, 398 F.2d 178, 179 (10th Cir. 1968). The government's failure to accurately track the statutory language resulted in an insufficient indictment. **United States v. Morales-Rosales**, 838 F.2d 1359, 1361 (5th Cir. 1988)

To be guilty under 18 U.S.C. 2, the defendant shared in the criminal intent of the principle. The government must prove, not only that the statement was false, but that the accused knew it to be false. **United States v. Curran**, 20 F.3d 560, 567 (3rd Cir.1994) citing **United States v. Witherspoon**, 581 F.2d 595, 601 (7th Cir. 1978)  To prove it, the defendant must be charged with it.

In the context of the instant case, the prosecution relied fully on Sec. 2's term in indicting defendant, yet, the indictment failed to allege the essential elemnets of Sec. 2. see **United States v. Stewart**, 145 F.3d 273 (5th Cir. 1998).

The defendant had a right, which was not accorded, to an answer in the body of the indictment to this question, and to it's

exposure in the information through the employment of plain, unambiguous and unequivocal language. The charging pleader is not only expected, but required clearly and lucidly to spell out his accusation, and not to remit the defendant for his comprehension to some awkward turn of intuition, or to a mere guess at the implication of a naked, and multipicitious citation.

All of the missing essential element must be specifically included in the indictment. See Charles A. Wright Federal Practice and Procedures, Sec. 125 at 630 (2nd ed 1982) If the statute omit an essential element of the offense, or include it only by implication, then pleading the statutory language will not suffice and the omitted element must be alleged directly and with certainty. see **Hamling v. United States**, 418 U.S. 87, 117 (1974); **Russel v. United Atates**, 369 U.S. 749, 765; **London v. United States**, 550 F.2d 206, 210-11 (5th Cir. 1977); **Randolph v. United States**, 460 F.2d 367, 370; **Downing v. United States**, 348 F.2d 594, 599 (5th Cir.) Cert. denied. 382 U.S. 901 (1965); **Babb v. United States**, 218 F.2d 538, 539, Facts that support an inference do not supply the missing element with certainty.

### Was There Error?

There was error in the district court instruction. The district court judge choice of words could be viewed as having created an imbalance in the jury mind, and in the instruction, which it did. Clearly and obviously affected the outcome of the verdict against defendant, violating his substantial rights by rationalizing the        problem of the testimony of the goverment witness as being believable. What we have here is the tail that wags the dog. The vouching by the judge instruction as to this witness, when the witness admitted she lied from the investigation, and at trial, and admitted she deliberately lied to them.

In the government summary disposition the government conceded and I quote:

"Essentially, Silva had placed all of the blame on the heroin found in her apartment on Lovos and Pacheco, denied that she herself had previously distributed narcotics, and omitted this fact that Ramos, not Lovos and Pacheco was the source of the drugs found in her apartment. Silva testified that she lied to the government because she did not want to get into trouble and lose custody of her children."

### Was The Error Plain?

An error is plain if it is clear and obvious at the time of defendant consideration. **Johnson**, 520 U.S. at 467-468. Put another way, an error is plain if it so egregious and obvious that a trial judge and prosecutor would be derelict in permitting it in a trial held today. **United States v. Gore**, 154 F.3d 34, 43 (2nd Cir. 1998)

### Did The Plain Error Affect Defendant Substantial Rights?

"Yes", and the two police officers stated under oath, and I quote: "When they enter the apartment the door was shut. "what door"? The people did not hear them when they entered the apartment. Lovos was inside the bedroom in the process of bagging herion."

This was not rue, it was stated that Lovos was seated on the bed. Now in the government opposition, it stated:

Pacheco answered the door when the officers came to execute the warrant. But, as the government argued, the evidence in the room, the plate with the herion and the plastic card and the straw, and the chair across the table where Lovos was seated suggested he had been gagging herion in the bedroom with Lovos. This statement is the prosecutor's personal opinion. The error at issue in this case is the lack of congruence or consistency between, one the one hand, the crime as charged in the indictment and found by the jury and, on the other, the crime for which the defendant was sentenced. It is thus possible to view the consequences of this error in one of two ways, either the defendant was improperly sentenced to a

13

penalty than the one authorized by the law and Congress for a crime of which he was justly convicted, or the defendant was improperly convicted, because of the force factor of the instruction of the court. see **United States v. Promise**, 255 F.3d 150, 160 (4th Cir. 2001)(en banc), holding, at the government's urging that a similar error in sentencing. Petition for Cert. filed No. 01-6398 (Sept. 20, 2001) with **United States v. Vazquez**, 271 F.3d 93, 100-101 (3rd Cir. 2001),en banc, holding at the government's urging that a similar error in both the trial and sentencing. **United States v. Terry**, 240 F.3d 65, 74-75 (1st Cir.) treating a similar error as an error in conviction. Viewing the error as an error in sentencing, the prejudice is clear.

When a defendant has claimed he was convicted for a crime charged in the indictment, and states the court used false information, and the court constructive modified the presentation of evidence in jury instruction, there is a substantial likelihood that the defendant may have been violated, inwhich there was an error that seriously affected the fairness, integrity of public reputation of judicial proceeding. Therefore defendant met all prong of **Olano**. The question is will this court act as a law require and reverse this case.

Looking at **United States v. Dwyer**, 843 F.2d 60 (1st Cir. 1988), it was improper for the trial court to instruct the jury that although an immunized witness may not be prosecuted for past criminal action revealed by his testimony, but an immunized witness is subject to prosecution for perjury if he intentionally lies under oath. This amounts to a comment on the credibility of the unindicted coconspirator testimony which was given under a grant of immunity. Also see **Lanigan v. Moloney**, 852 F.2d 40(1St Cir. 1988); **Perez v Irwin**, 963 F.2d 499 (2nd Cir. 1992); **United States v. Woods**, 812 F.2d 1483 (4th Cir. 1987) elaborating on the meaning of reasonable doubt in jury instructions is not permitted, also **United States v Glass**, 846 F.2d 386 (7th Cir. 1988) This case should be reversed, also defendant applies **Blakely v. Washington** to this case.

14

## CONCLUSION

The great value of court is that fairness, the motion that litigants before them have a tribunal in which they can count on the fundamental norms of respect and dignity. The decision-making technique is one of judgment , based on normative and practical moral reasoning, and legal material in order to achieve a result that is in accord with the law and applicable to the fact of a particular case. But the argument for judicial independence necessarily rest, I think on the notion of difference, the notion that there are certain special values that are reflected in the court system and judicial process. All in all this sentence is unconstitutional, and must be reverse!

Respectfully Submitted

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing was mailed first class to the U.S. District Court of Massachusetts, and the U.S. Attorney office at U.S. Courthouse, Suite 9200, 1 Courthouse Way., Boston, Massachusetts, 02210 on this _3_ day of _Diciembre_ 2004

Respectfully Submitted

_[signature]_

Federal Correctional Institution
P.O. Box 6001
Ashland, KY  41005