IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA         :
                                 :    Civil No. 04-12596-PBS
        v.                       :
                                 :
BUENAVENTURA LOVOS,              :
                                 :
    Defendant.
```

## UNITED STATES' OPPOSITION TO
## DEFENDANT'S SECTION 2255 PETITION

The United States respectfully submits that defendant's petition filed pursuant to 28 U.S.C. § 2255 should be denied. First, since each of defendant's claims could have been raised on direct appeal and were not, each of defendant's claims are are procedurally barred from now being raised on collateral attack. Second, each of defendant's claims are without merit.

### I.  Procedural Background

On October 10, 2002, LOVOS (along with four co-defendants) was charged in two counts of a superseding indictment.  Count one charged LOVOS with conspiracy to distribute heroin in violation of 21 U.S.C. § 846.  The superseding indictment further alleged that LOVOS was accountable for at least 100 grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B)(i).  Count two of the superseding indictment charged LOVOS with possession with intent to distribute 100 grams of heroin.  The superseding indictment further alleged that with regards to count two, LOVOS was accountable for at least 100 grams of heroin in violation of 21 U.S.C. § 841(b)(1)(B)(i).  The superseding indictment also alleged the LOVOS aided and abetted the commission of these two offenses in violation of 18 U.S.C. § 2.

On November 12, 2002, after a four day jury trial, LOVOS was

convicted of both counts of the superseding indictment in which he was charged. On February 3, 2003, the court sentenced LOVOS to a term of imprisonment of sixty months, the statutory mandatory minimum for offenses charged in the indictment involving at least 100 grams of heroin. The same day, LOVOS filed a timely notice of appeal. On February 4, 2004, LOVOS filed an appeal with the First Circuit Court of Appeals. In that appeal, LOVOS argued that the trial court's instruction regarding accomplice witnesses was plain error because the instruction improperly bolster's the credibility of the government's cooperating witness, Miriam Silva. The government filed a motion for summary disposition pursuant to FRAP 27(c). The Court of Appeals granted the government's motion for summary disposition on October 12, 2004.

On September 28, 2004, LOVOS filed a petition pursuant to 28 U.S.C. § 2255 in civil action 04-12072-PBS challenging the Bureau of Prison's computation of his sentence. On December 27, 2004, the government filed a motion to dismiss LOVOS' petition for lack of jurisdiction. This matter remains outstanding.

On December 10, 2004, LOVOS filed the instant petition pursuant to 28 U.S.C. § 2255. In the petition, LOVOS argues that his conviction should be reversed because: (1) the government did not prove the quantity of heroin for which defendant was held accountable at sentencing in violation of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) the government's witnesses committed perjury at trial; (3) there was insufficient evidence of defendant's guilt offered at trial; and

(4) the indictment was defective because although the indictment alleged that LOVOS aided and abetted the commission of counts one and two in the indictment, the indictment did not track the statutory language of 18 U.S.C. § 2.

## II.  Factual Background

On March 1, 2000, members of the New Bedford Police Department ("NBPD") executed a search warrant for the apartment of Miriam Silva, 280 Acushnet Avenue, Apt. H in New Bedford, MA. NBPD detectives entered the apartment and found evidence of a virtual heroin production factory.  Detectives found LOVOS in the bedroom sitting on a bed by himself.  LOVOS was seated within arms-reach of a night stand with a plate on top of it containing over 100 grams of heroin in plain view.  On the plate, next to the heroin, were two plastic cards and three straws used for bagging the heroin.

Also in the same bedroom with LOVOS, detectives found a myriad of materials for processing and bagging heroin, including: a grinder (to break down heroin into "bullets" for re-sale); four bars of manite (to dilute the heroin); a sifter (to refine the heroin mixture); two plastic cards identical to those found on the heroin plate (to move and mix the heroin); a wire brush with a spoon (to scrape the grinders and scoop out the heroin); a box containing 500 to 600 empty "glassine" heroin bags, a tape dispenser, scissors, three stamps (to brand the heroin bags); two ink pads, and elastic bands (to keep the "glassine" bags in neat bundles).

At trial, the government introduced the testimony of the

NBPD detectives who executed the warrant and found LOVOS next to the 100 grams of heroin and the packaging and heroin processing paraphernalia. The government also introduced the testimony of Miriam Silva. Silva had pled guilty in state court for charges arising out of the search of her apartment and testified pursuant to a "use-immunity" letter. At trial, Silva admitted to having lied to the government during two prior debriefing interviews, notwithstanding the fact that she had been granted use immunity. These prior falsehoods were the subject of extensive cross-examination.

Silva testified that LOVOS was one of approximately five individuals who, between early January 2000 and March 1, 2000, used her apartment to store, process, and package heroin. She testified that LOVOS first came to her apartment to bag heroin in the last week of January 2000, and did so continuously (five days a week) until the day of the search warrant on March 1, 2000.

### III. Argument

A. Habeas Review Under 28 U.S.C. § 2255

Section 2255, Title 28, United States Code, provides a means for collateral attack on the sentence under which a federal prisoner is confined. United States v. Haymen, 342 U.S. 205 (1952). The law is "well-settled" that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "A presumption of finality attaches to criminal convictions once all direct appeals have been exhausted." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994).

4

See also Barefoot v. Estelle, 463 U.S. 880, 887 (1983). "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621 (1998), quoting Sunal v. Large, 332 U.S. 174, 178 (1947).

In order for relief to lie under §2255, the claimed error must be jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice", or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Addonozio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962). Simply put, "post conviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton, 26 F.3d at 236; See also Brecht v. Abrahamson, 507 U.S. 619, 634-634 (1993).

Furthermore, absent exceptional circumstances, a non-constitutional claim that could have been asserted on direct appeal, but was not, may not be raised by collateral attack under § 2255. See Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994). Exceptional circumstances constitute "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id. A petitioner has a higher standard under a collateral attack than a criminal defendant challenging his sentence on direct appeal. See id. ("Errors warranting a reversal on direct appeal will not necessarily support a collateral attack."). The reason for this restriction is that a § 2255 motion is not a substitute for direct appeal.

5

B.  <u>LOVOS' Claims are Procedurally Barred</u>

Here, LOVOS has failed to meet this burden.  First, each claim that LOVOS now raises could have been raised on direct appeal, but were not.  For that reason, each of these claims should be procedurally barred.  See <u>Knight</u>, 37 F.3d at 773; <u>United States v. Frady</u>, 456 U.S. 152, 167-168 (1982)[1](defendant is procedurally barred, absent a showing of cause of prejudice, from raising issues in a § 2255 motion which he had failed to raise on direct appeal, unless defendant asserts actual innocence); <u>Awon v. United States</u>, 308 F.2d 133, 143(1st Cir. 2002)(The actual innocence excuse for procedural default, based upon a defendant's failure to raise a claim upon direct appeal, is reserved for the extraordinary cases of fundamentally unjust incarceration).

C.  <u>LOVOS's Claims Are Without Merit</u>

Second, the claims that LOVOS now raises are without merit.

LOVOS's first claim is that the his sentence violated the rule of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) because the government did not prove the amount of heroin for which LOVOS was held responsible.  This argument fails because the government did

---

[1] The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170 (emphasis in original). If he cannot show cause and prejudice, the prisoner cannot have his claim considered unless he can demonstrate "actual innocence." *Bousley* v. *United States*, 523 U.S. 614, 620-623 (1998).

6

just that. The indictment specifically alleged in two different counts that LOVOS engaged in a controlled substance offense that involved at least 100 grams of heroin, subjecting LOVOS to a five year mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(i). See U.S.S.G. § 5G1.1(b). At trial, the government introduced evidence that LOVOS was found within arms-reach of more than 100 grams of heroin. The jury convicted LOVOS of both counts of the indictment. LOVOS was sentenced to the statutory mandatory minimum sentence of five years (60 months). See U.S.S.G. § 5G1.1(b); see also United States v. Vieth, 2005 WL 284724, *4 (8th Cir.)(jury determination that defendant possessed a quantity of methamphetamine in excess of 50 grams, leading to imposition of a statutory mandatory minimum sentence, did not violate Sixth Amendment jury rights under United States v. Booker, 125 S.Ct. 738 (2005)).

LOVOS second claim is that he was unjustly convicted at trial because the government's cooperating witness at trial, Miriam Silva, lied about LOVOS's involvement in the charged heroin conspiracy. This argument is based upon mere conclusory statements of fact that are contradicted by the record. See Murchu v. United States, 926 F.2d 50, 57 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)(a court may summarily dismiss a § 2255 petition without a hearing "if the allegations cannot be accepted as true because 'they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact'"). First, there was overwhelming evidence of defendant's guilt at trial independent of Silva's

testimony. LOVOS was found within arms-reach of 100 grams of heroin in the midst of an ongoing heroin processing and packaging operation. Second, Silva's prior falsehoods were fully disclosed and were the subject of extensive cross-examination. Defendant's argument is merely a conclusory assertion that Silva did not tell the truth at trial and could not be believed even though an unanimous jury found him guilty.

LOVOS's third claim attacks the sufficiency of evidence at trial used to convict him. Since the evidence of LOVOS's guilt was clearly overwhelming, this argument also fails.

LOVOS's fourth and final claim argues that the indictment was insufficient because it failed to track the language of 18 U.S.C. § 2 when it alleged aiding and abetting. This argument also fails because it is legally incorrect. Aiding abetting is a theory of criminal liability, not a separate substantive criminal offense that need be charged in the indictment. See United States v. Sabatino, 943 F.2d 94, 99-100 (1st Cir. 1991)("an aider and abettor charge is implicit in all indictments for substantive offenses, so it need not be specifically pleaded for an aiding and abetting conviction to be returned"); United States v. Schuh, 289 F.3d 968, 976 (7th Cir. 2002)("aiding and abetting is merely a theory of liability, not a substantive offense, and need not be charged in the indictment"). Furthermore, the indictment, though not required, provided notice of the potential aiding and abetting liability by citing 18 U.S.C. § 2 in the indictment.

## Conclusion

For the foregoing reasons defendant's motion filed under 28 U.S.C. § 2255 should be denied. Each of defendant's are procedurally barred. Furthermore, each claim is clearly without merit. Therefore, no evidentiary hearing is required.

                Respectfully submitted,

                Michael J. Sullivan
                UNITED STATES ATTORNEY

By:  /s/ Neil J. Gallagher, Jr.
     ASSISTANT UNITED STATES ATTORNEY
     Neil J. Gallagher, Jr.
     United States Courthouse
     1 Courthouse Way
     Suite 9200
     Boston, MA 02210
     617-748-3397