UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUENAVENTURA LOVOS,<br>       Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>       Respondent. | 04-Cr-12596-PBS |

MEMORANDUM AND ORDER

November 30, 2006

Saris, U.S.D.J.

## I. INTRODUCTION

*Pro Se* Petitioner Buenaventura Lovos brings this habeas petition pursuant to 28 U.S.C. § 2255 to set aside his conviction for drug trafficking. He advances four claims: (1) that the Court violated his constitutional right to a jury trial and a finding of proof beyond a reasonable doubt under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), when it determined the amount of heroin; (2) that the government improperly relied on a witness that committed perjury; (3) that there was a lack of sufficient evidence to warrant a conviction; and (4) that the indictment failed to allege aiding and abetting. The petition is **DENIED**.

## II. BACKGROUND

On October 17, 2001 Petitioner was indicted on two counts of a superseding indictment. The first count charged conspiracy to

distribute heroin in violation of 21 U.S.C. § 846. The second count charged possession of at least 100 grams with an intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B)(I). The indictment alleged that the petitioner aided and abetted the commission of each of these offenses in violation of 18 U.S.C. § 2.

Petitioner was convicted of both counts on November 15, 2002, after a four day jury trial, and on February 3, 2003 Petitioner was sentenced to the statutory minimum imprisonment of sixty months. On February 3, 2003, Petitioner appealed his conviction to the First Circuit Court of Appeals claiming only that the district court erred in instructing the jury regarding accomplice liability. The First Circuit granted the government's motion for summary disposition on October 12, 2004, finding that there was no plain error. Petitioner made the instant petition for habeas relief on December 10, 2004 pursuant to 28 U.S.C. § 2255.

### III. DISCUSSION

1. <u>The Habeas Standard</u>

Section 2255 provides for post-conviction relief "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack" such that the claim

presents "'exceptional circumstances' that makes the need for redress evident." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).

Claims for post-conviction relief are barred if not brought on direct appeal unless the petitioner can show cause and direct prejudice. Knight v. United States, 37 F.3d 769, 772-774 (1st Cir. 1994); United States v. Frady, 456 U.S. 152, 167 (1982). Petitioner did not raise any of the asserted claims on direct appeal. In the petition, he states in conclusory fashion that the claims were not raised on a direct appeal because of ineffective assistance of counsel. Because the Court must construe the pro se petition in the light most favorable to the Petitioner, the Court will evaluate his claims under the ineffective assistance of counsel standard. See Knight, 37 F.3d at 774.

2. Ineffective Assistance Claims

The test for evaluating ineffective assistance of counsel has been long established. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong Petitioner must show "that counsel's representation fell below an objective standard of reasonableness" and counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. Id. at 687-88. Provided a petitioner can

3

establish such errors by counsel, the petitioner must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 698.

To satisfy the first prong of the Strickland test a petitioner asserting ineffective assistance of appellant counsel must establish that the issues counsel failed to bring were "clearly stronger than issues that counsel did present." Smith v. Robbins, 528 U.S. 259, 288 (2000).

Petitioner contends that trial counsel was ineffective when he failed to assert a violation of Petitioner's Sixth Amendment rights because a judge, and not a jury, determined the amount of heroin. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Appellate counsel also failed to raise the Apprendi issue on direct appeal. Blakely v. Washington, 542 U.S. 296 (2004) was decided after his conviction while the case was on direct appeal.

A defendant may, however, waive his Sixth Amendment rights in favor of judicial fact determination. See Blakely v. Washington, 542 U.S. 296, 310 (2004). Petitioner knowingly chose to waive his right to a jury determination of proof beyond a reasonable doubt as to the amount of the heroin:

> Court: "Do you understand you have a right to have this jury decide the weight of the heroin?"
> Petitioner: "Yes, I understand."
> Court: "[Y]our attorneys have advised me that the

> defense has made a decision not to put that question to the jury for a unanimous verdict. Do you understand that?"
>
> Petitioner: "Yes, I understand."
>
> Court: "[A]fter the trial, I am going to make a decision as to what the weight is...if there's a guilty verdict. Do you understand that?"
>
> Petitioner: "Yes, I understand."
>
> Court: "[D]id we agree that I would decide it by a preponderance of the evidence?"
>
> Defense counsel and AUSA: "Yes."
>
> Court: "[D]o you understand that that's a lower burden than proof beyond a reasonable doubt, the standard I'll apply?"
>
> Petitioner: "Yes, I do."
>
> Court: "And, that based on what I have heard, I'm likely to find that it was over a hundred grams of heroin?"
>
> Petitioner: "Yes, I understand."
>
> Court: "So, are you content to have me make that decision rather than the jury on a unanimous verdict?"
>
> Petitioner: "Yes."

(Trial Tr. Day 4, 4-6).

Therefore, appellate counsel did not act ineffectively in failing to raise the challenge on appeal, as there is no assertion the waiver was not knowing and voluntary.

Next, Petitioner seems to be asserting that the government improperly relied on perjured testimony and vouched for this witness. He asserts his counsel erred in not bringing these claims on direct appeal. Petitioner relies heavily on evidence presented at trial that Myriam Silva signed a letter of immunity on June 27, after which she admittedly provided a partially false

statement to prosecutors. The statement initially given contradicts the events she recounted at trial.

The mere fact that Myriam Silva's story changed at trial does not itself mean that she committed perjury. See United States v. Lebon, 4 F.3d 1, 2 (1st Cir. 1993) (holding that contradictions or changes in a witness's testimony does not alone establish perjury). "[A] witness commits perjury if he or she 'gives false testimony concerning a material matter with a willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.'" United States v. Webster, 54 F.3d 1, 8 (1st Cir. 1995) (quoting United States v. Dunnigan, 507 U.S. 87, 94. There is no evidence in the record that the AUSA knowingly presented perjured testimony.

Trial counsel vigorously and effectively cross-examined the witness as to the contradictions. Defense counsel questioned the witness repeatedly through-out cross examination about specific falsehoods, her drug use and false accusations made of Petitioner. (Trial Tr. Day 3, 76-128) (cross-examination of Myriam Silva). Additionally, counsel also pointed out to the jury that she admitted to lying even though the government had granted her immunity. Id.

Petitioner also contends that counsel should have objected to the statements made by the prosecution regarding the credibility of Myriam Silva as prosecutorial vouching. "A

6

prosecutor improperly vouches for a witness when she places the prestige of her office behind the government's case by . . . imparting her personal belief in a witness's veracity or implying that the jury should credit the prosecution's evidence simply because the government can be trusted." Unites States v. Hansen, 434 F.3d 92, 101 (1st Cir. 2006) (quoting United States v. Perez-Ruiz, 353 F.3d 1, 9 (1st Cir. 1993)). There is no evidence of impermissible vouching.[1] "An argument that does no more than assert reasons why a witness ought to be accepted as truthful by the jury is not improper witness vouching." United States v. Rodriguez, 215 F.3d 110, 123 (1st Cir. 2000). Therefore, trial counsel's failure to object, and appellate counsel's failure to raise the issue was not ineffective.

---

[1] Petitioner relied on the following statements made by the prosecution:
    Now, obviously, Myriam Silva comes with some baggage. She's an admitted liar, a deliberate liar. She looked at me twice, she was right across from me, and she lied to me. She sat there and told you. Mr. Sorokin cross-examined her about her lies. And, I don't recall how many times she admitted it, but she admitted it: I lied. Yes, I lied. Yes, I lied. Yes, I deliberately lied. Yes, I falsely – falsified – I falsely gave that information.
. . . .
    Now in assessing Myriam Silva's credibility, after all the lies that he's [sic] told, the fact that she used cocaine for 15 years, whether it was crack, rock, or whatever, she admitted to you she used cocaine for 15 years. She couldn't count the years, but she knew that she had done it since age 28. She allowed others to store heroin in her apartment. She sold heroin. She sold cocaine. She admitted those things.
(Trial Tr. Day 4, 17-18) (prosecution closing statement).

Finally, Petitioner contends that the evidence presented at trial was insufficient to support a conviction and thus counsel erred in failing to raise the issue on direct appeal. "The standard applied in a habeas proceeding challenging the sufficiency of the evidence is 'whether after viewing the evidence in the light most favorable to the prosecution,' a rational jury 'could have found the essential elements of the crime beyond a reasonable doubt.'" Casale v. Fair, 833 F.2d 386, 389 (1st Cir. 1987) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The evidence established that Petitioner at the time of arrest was in proximity to the drugs and tools used to process and package heroin; that there were hundreds of packets of heroin in the apartment; and that the packets were marked, which can signify they are for sale. A witness for the government testified that Petitioner came to the witness's house on several occasions to package drugs. The witness also testified that Petitioner came with several other participants who were teaching him how to package heroin and assisting him in packaging.

Based on this evidence a reasonable jury could find that a conspiracy existed and that Petitioner's actions showed that he participated in drug trafficking.

Petitioner's remaining claims of insufficiency of the indictment are wrong and without merit.

## IV. ORDER

Petitioner's motion for relief under 28 U.S.C. § 2255 is **DENIED**.

/s/ Patti B. Saris
PATTI B. SARIS
United States District Judge